*Martin v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

Denise Martin,

> *Plaintiff-Appellant*,

v.                                                                      19-1479

State of New York, New York State Department of Corrections and Community Supervision,

> *Defendants-Appellees*,

v.

Jeffrey Rorick,

> *Defendant*.[1]

---

[1]    The Clerk of Court is directed to amend the caption to conform to the above.

| For Plaintiff-Appellant: | DAVID DETOFFOL, DeToffol & Associates, Attorneys at Law, New York, NY. |
|---|---|
| For Defendants-Appellees: | CAROLINE A. OLSEN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Denise Martin appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting summary judgment to the New York State Department of Corrections and Community Supervision ("DOCCS") on Martin's hostile work environment claim brought under Title VII of the Civil Rights Act of 1964.[2] We assume familiarity with the factual and procedural background of this case, and the issues raised on appeal.

We review a district court's grant of summary judgment *de novo*, "resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment is sought." *Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 103 (2d Cir. 2019).[3] We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. *See Martin v. New York State*, No. 1:17-cv-9721-DLC, 2019 WL 2053992, at *3–5 (S.D.N.Y. May 9, 2019).

---

[2] As Martin's counsel confirmed at oral argument, she has abandoned any claim she may have pressed under the New York State Human Rights Law, leaving only her federal Title VII claim remaining on appeal.

[3] Unless otherwise indicated, in quoting cases, we omit all citations, alterations, emphases, footnotes, and internal quotation marks.

Where a hostile work environment is created "by the plaintiff's non-supervisory coworkers, an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 113 (2d Cir. 2015). Otherwise stated, we apply a negligence standard to determine whether an employer may be held liable for a hostile work environment that was created by a coworker who was not the victim's supervisor. *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 91 (2d Cir. 2019). On appeal, Martin does not meaningfully contest the district court's conclusion that Jeffrey Rorick, the individual responsible for the hostile work environment at issue, was a non-supervisory coworker, and has accordingly forfeited any argument to that effect. We therefore apply a negligence standard to determine whether DOCCS may be held liable for the consequences of Rorick's behavior. Under that standard, an employer with knowledge of a hostile work environment must "take reasonable steps to remedy it." *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 63 (2d Cir. 1998). "Whether the [employer's] response was reasonable has to be assessed from the totality of circumstances. Factors to be considered in this analysis are the gravity of the harm being inflicted upon the plaintiff, the nature of the employer's response in light of the employer's resources, and the nature of the work environment." *Id.* at 65.

Applying that standard here, and drawing all permissible factual inferences in Martin's favor, we conclude that DOCCS acted reasonably under the circumstances. Martin contends that DOCCS's response was both untimely and inadequate, and that a reasonable jury therefore could have found in her favor. We disagree. Instead, as the district court concluded based on the undisputed evidence, the remedial steps taken by DOCCS were both reasonable and sufficiently expeditious — both as to Rorick's personal conduct and as to the ongoing behavior of Martin's

3

co-workers — given the nature and timing of Martin's complaints and the needs of the DOCCS investigation, including DOCCS's ability to substantiate Martin's allegations.

Furthermore, we are not persuaded by Martin's argument that the DOCCS investigator assigned to her case violated DOCCS policy by not forwarding her complaint to the DOCCS Bureau of Labor Relations. The undisputed evidence shows that the Bureau of Labor Relations does not investigate accusations of employee misconduct. Martin's argument to the contrary relies on the fact that the Bureau of Labor Relations ultimately served a Notice of Discipline on Rorick, but this occurred only because the Bureau of Labor Relations *does* have a responsibility to implement the recommendations of the DOCCS's investigative bodies. As Martin points to no other evidence in the record to suggest that the DOCCS investigator violated any policy, we reject this argument as well.

We have considered all of Martin's remaining arguments and found in them no basis for reversal. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4